IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**WILLIAM AULTMAN,**

      **Plaintiff,**

                                **Case No. 2209-cv-3304**

    vs.                          **Judge Sarah D. Morrison**

                                **Chief Magistrate Judge Elizabeth P. Deavers**

**TIM SHOOP, et al.,**

      **Defendants.**

## INITIAL SCREEN REPORT AND RECOMMENDATION

Plaintiff, a state inmate at the Chillicothe Correctional Institution ("CCI"), proceeding through counsel, brings this prisoner civil rights action under 42 U.S.C. § 1983.  (ECF No. 1.) This matter is before the Court for an initial screen of Plaintiff's Complaint as required by 28 U.S.C. § 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this Plaintiff's claims to the extent that he seeks his immediate release from CCI.  However, it is **FURTHER RECOMMENDED** that Plaintiff be granted leave to amend to the extent that he seeks relief other than his release.

**I.**

"District courts are required to screen *all* civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel, as the statute does not differentiate between civil actions brought by prisoners*.*"  *Espinoza*

*Vallecillo v. Michigan*, No. 2:19-CV-13354, 2020 WL 85929, at *2 (E.D. Mich. Jan. 7, 2020) (quoting *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) (emphasis added)). Plaintiff is represented by counsel and prepaid the filing fee for this action. Accordingly, the court may not summarily dismiss his complaint under 28 U.S.C. § 1915(e)(2) because that section applies only to complaints filed *in forma pauperis*. (*Id.*) (citing *Benson v. O'Brian*, 179 F.3d 1014, 1015-17 (6th Cir. 1999). Rather, because Plaintiff has named a governmental official or entity as defendant, the Court is required to conduct a screening pursuant to § 1915A. *Hyland v. Clinton*, 3 F. App'x 478, 478-79 (6th Cir. 2001).

Congress enacted 28 U.S.C. § 1915A, as part of the Prison Litigation Reform Act, Pub.L. 104–134, 110 Stat. 1321, enacted in April 1996, in order to "discourage prisoners from filing [frivolous] claims that are unlikely to succeed." *Crawford-El v. Britton*, 523 U.S. 574, 596 (1998). Congress directed the Courts to "review, before docketing, if feasible or in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In particular, subsection (b) provides:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or—
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b). Thus, § 1915A requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' ... [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 2013 WL 4081909 at *2 (citations omitted).

## II.

According to the Complaint, Plaintiff purports to bring this action under 42 U.S.C. § 1983 against CCI's warden and the State of Ohio. The allegations of the Complaint are sparse

3

but Plaintiff contends that his Eighth Amendment right to be free from cruel and unusual punishment is being violated by his continued confinement in CCI due to COVID-19.  He asserts that, as a 71-year old man, he is a member of the vulnerable elderly population.  He also sets forth a second cause of action under the Ohio Constitution Article I, Section 9 precluding the imposition of cruel and unusual punishment.  Plaintiff "demands that he be immediately released from custody by Defendants State of Ohio and Warden Shoop and any other appropriate injunctive and declaratory relief."

 Claims regarding conditions of confinement are properly brought under § 1983. *McKissic v. Barr,* No. 1:20-CV-526, 2020 WL 3496432, at *2 (W.D. Mich. June 29, 2020) (citing *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004)).  Courts have recognized that claims regarding the constitutionality of custody in prison because of risks posed by COVID-19 are principally claims regarding the conditions of confinement. (*Id.*)  Accordingly, such claims are properly raised by way of a complaint for violation of 42 U.S.C. § 1983.  (*Id.*)

Although Plaintiff relies on § 1983 as the basis for his claim, the primary relief he seeks is his immediate release from custody.  "A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983."  *McKissic*, at *2; *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody).  In short, release from confinement is "'the heart of habeas corpus.'" *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020) (quoting *Preiser,* at 498).

Other courts considering COVID-19 related claims likewise have concluded that where release from custody is sought, a habeas corpus action is proper.  *See, e.g. Busby v. Bonner*, -- F.

Supp. 3d --, 2020 WL 3108713, *3 (W.D. Tenn. June 10, 2020) (pretrial detainees' challenge to the fact that they were being confined during COVID-19 crisis and request for release meant their claims were properly brought under 28 U.S.C. § 2241); *Vermett v. Brown*, 2020 WL 3424894, *3 (N.D. Mich. June 23, 2020) (recognizing validity of petitioner's decision to pursue habeas action seeking release from custody as a result of COVID-19 pandemic).

Consequently, to the extent that Plaintiff seeks his immediate release, the Complaint fails to state a claim for relief under 42 U.S.C. § 1983. Plaintiff's appropriate remedy is a petition for habeas corpus relief. Accordingly, it is **RECOMMENDED** that the Court dismiss Plaintiff's § 1983 claim and decline to exercise supplemental jurisdiction over Plaintiff's state law claim.

The Court notes, however, that Plaintiff also requests unspecified injunctive and declaratory relief. To the extent that Plaintiff seeks relief other than his immediate release, his claim may be properly brought under 42 U.S.C. § 1983. Because Plaintiff's allegations surrounding his request for such alternative relief are wholly conclusory, the Court is unable to make such a determination here. Under this circumstance, it is **FURTHER RECOMMENDED** that Plaintiff be granted leave to amend his complaint within twenty-one days of any order adopting this Report and Recommendation to clarify the nature of any injunctive or declaratory he may be seeking.[1]

### III.

For the reasons set forth above, it is **RECOMMENDED** that Plaintiff's Complaint (ECF No. 1) be **DISMISSED** for failure to state a claim. It is **FURTHER RECOMMENDED** that

---

[1] The Sixth Circuit Court of Appeals has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Potter v. Phillips*, No. 19-1256-JDT-CGC, 2020 WL 3022455, at *9 (W.D. Tenn. June 4, 2020).

Plaintiff be granted leave to amend his complaint within twenty-one days of any order adopting this Report and Recommendation to the extent that he seeks relief other than his immediate release.

**DATED:  JULY 9, 2020**

*/s/ Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**CHIEF UNITED STATES MAGISTRATE JUDGE**