IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIAM AULTMAN,

   Plaintiff, : Case No. 2:20-cv-3304

  -vs-                                   Judge Sarah D. Morrison
                                           Magistrate Judge Elizabeth Preston Deavers

TIM SHOOP, *et al.*,
                                :

   Defendants.

**OPINION & ORDER**

This matter comes before the Court for consideration of an Initial Screen Report and Recommendation (hereafter "R&R") issued by the Magistrate Judge on July 9, 2020 (ECF No. 7), and Plaintiff's Objection thereto (ECF No. 8). In the R&R, the Magistrate Judge recommended that the Court dismiss Plaintiff's Complaint and grant Plaintiff leave to amend his Complaint. For the reasons that follow, the Court **OVERRULES** Plaintiff's Objection, **ADOPTS IN PART** the R&R, and **GRANTS** Plaintiff leave to amend his Complaint.

**I.    BACKGROUND**

On June 29, 2020, Plaintiff William Aultman filed a complaint alleging an Eighth Amendment violation and a violation of Article I, Section 9 of the Ohio Constitution, due to his confinement in Chillicothe Correctional Institution ("CCI") at 71 years old during the current public health crisis. (ECF No. 1.) Plaintiff purports to bring this action under 42 U.S.C. § 1983 against CCI's Warden and the State of Ohio. (*Id.*) He seeks immediate release from custody "and any other appropriate injunctive and declaratory relief, plus costs and reasonable attorney's fees." (*Id.*)

1

On July 9, 2020, the Magistrate Judge performed an initial screen of the Complaint pursuant to 28 U.S.C. § 1915A, and recommended that the Court dismiss Plaintiff's Complaint for failure to state a claim and grant Plaintiff leave to amend his Complaint to the extent that he seeks relief other than his immediate release. The Court proceeds to consider Plaintiff's arguments.

## II.   ANALYSIS

When a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

As the Magistrate Judge explained in the R&R, claims regarding conditions of confinement are properly brought under § 1983, including challenges to the constitutionality of custody in prison because of the risks posed by COVID-19. *Awshana v. Adducci,* No. 20-10699, 2020 WL 1808906, at *1 (E.D. Mich. Apr. 9, 2020). However, since Plaintiff seeks immediate release from custody, his claims must be construed as "challenging the fact or extent . . . of the confinement," which must be brought as a petition for habeas corpus. *Wilson v. Williams*, 961 F.3d 829, 838 (6th Cir. 2020) ("[R]elease from confinement . . . is the heart of habeas corpus." (internal quotations omitted)). Thus, to the extent that Plaintiff seeks immediate release from custody, the Complaint fails to state a claim for relief under 42. U.S.C. § 1983.

The Court agrees with the Magistrate Judge that due to the unspecified injunctive and declaratory relief also requested, Plaintiff may properly have a claim under 42 U.S.C. § 1983. But given the wholly conclusory nature of the Plaintiff's requests for alternative relief at present,

the Court is unable to make such a determination here. Therefore, the Court also agrees that Plaintiff should be granted leave to amend his complaint to clarify the nature of any injunctive or declaratory relief he may be seeking.

Although Plaintiff's responsive pleading is fashioned as an objection, the substance of the filing does nothing to address the actual merits of Plaintiff's claims for relief in this case. Moreover, the conclusion of Plaintiff's Objection states that Plaintiff "accept[s] the Magistrate Judge's suggestion that he be permitted to amend his complaint within 21 days of this Court's decision." (ECF No. 8.) Accordingly, the Court finds Plaintiff's Objection moot, and overrules it.

### III.    CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's Objection (ECF No. 8), **ADOPTS IN PART** the R&R (ECF No. 7), and **GRANTS** Plaintiff leave to amend the Complaint within **21 days** of this Order. To the extent Plaintiff fails to do so, the Complaint will be dismissed for failure to state a claim.

**IT IS SO ORDERED.**

 /s/ Sarah D. Morrison  
SARAH D. MORRISON  
UNITED STATES DISTRICT JUDGE