IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**WILLIAM AULTMAN,**

    **Plaintiff,**

                                  **Case No. 2:20-cv-3304**

    vs.                           **Magistrate Judge Elizabeth P. Deavers**

**TIM SHOOP,** *et al.*,

    **Defendants.**

**OPINION AND ORDER**

Plaintiff, a state inmate at the Chillicothe Correctional Institution ("CCI"), proceeding through counsel, brings this prisoner civil rights action under 42 U.S.C. § 1983 and state law alleging a violation of his Eighth Amendment rights. With the consent of the parties (ECF No. 26), pursuant to 28 U.S.C. § 636(c), this matter is before the Court for consideration of Defendants' Motion to Dismiss. (ECF No. 20.) Plaintiff has filed a Response (ECF No. 21) and Defendants have filed a Reply. (ECF No. 22.) The Motion to Dismiss is **GRANTED, in part, and DENIED, part,** as set forth below.

**I.    BACKGROUND**

Plaintiff filed this action on June 29, 2020, asserting claims under 42 U.S.C. § 1983 and state law against the State of Ohio, the Ohio Department of Rehabilitation and Correction,[1] and Tim Shoop, the Warden at CCI, in both his individual and official capacities. In the original Complaint, the primary relief sought was Plaintiff's release from custody as a result of the

---

[1] While it appears Plaintiff intends to sue the State of Ohio, it is not particularly clear as to whether Plaintiff also intends to sue the ODRC. Regardless, as explained herein, the analysis is the same.

Coronavirus Disease. Because a challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983, in the Initial Screen Report and Recommendation issued on July 9, 2020, the Court recommended that Plaintiff's § 1983 claim be dismissed and that supplemental jurisdiction over Plaintiff's state law claim not be exercised. (ECF No. 7.) However, noting that Plaintiff also appeared to be requesting unspecified injunctive or declaratory relief, the Court further recommended that Plaintiff be granted leave to amend his complaint. (*Id.*) By Order dated July 27, 2020, the District Judge previously assigned to this case overruled Plaintiff's objections to the Report and Recommendation and granted Plaintiff 21 days to amend. (ECF No. 9.)

Plaintiff filed his Amended Complaint on August 17, 2020. (ECF No. 12.) Plaintiff alleges the following. He is a 71-year old man[2] and a member of the elderly population vulnerable to the Coronavirus. (ECF No. 12 at ¶¶ 6, 14.) In response to the virus, the Governor of Ohio issued a stay at home order prohibiting gatherings of 10 or more people and requiring social distancing. Plaintiff, as a prisoner, is forced to be exposed to more than 10 people and is confined in a situation where social distancing is impossible. (*Id.* at ¶ 7.) The Governor of Ohio also issued a mask order. (*Id.* at ¶ 8.) The conditions in the prison have not eased. (*Id*. at ¶ 9.) Certain Ohio prisons have nearly 80% infection rates and nearly one in ten inmates in Ohio's prison population have tested positive. (*Id.* at ¶¶ 10, 11.) Confirmed cases and deaths have occurred at CCI. (*Id.* at ¶ 12.) The housing at CCI is described as "combo" with cells and common areas and the virus is highly contagious. (*Id.* at ¶ 13.) Based on these allegations, he asserts that his rights are being violated under both the Eighth Amendment and the Ohio

---

[2] Plaintiff notes in his Amended Complaint that he turned 72 in August. (ECF No. 12 at ¶ 6.)

Constitution Article I, Section 9 arising from the imposition of cruel and unusual punishment.

(*Id.* at ¶¶ 17, 21.)

In terms of relief as to both causes of action, Plaintiff requests:

[T]hat the conditions in the Chillicothe Correctional Institution be declared unsafe and in violation of the Eighth Amendment to the United States Constitution. And,

That the Defendants immediately enunciate a plan that would adequately protect the Plaintiff from the effects of COVID-19, and,

If such a plan is not enunciated and acted upon, that alternative means of serving Plaintiff's sentence be provided.

And any other injunctive and declaratory relief this Court deems appropriate, plus costs and reasonable attorney's fees.

(ECF No. 12 at 4, 5.)

## II.

As indicated above, Plaintiff's suit is limited to claims for injunctive and declaratory relief. Defendants seek dismissal on various grounds including Eleventh Amendment immunity, insufficient process, insufficient service of process, lack of personal jurisdiction, and failure to state a claim upon which relief can be granted.[3] The Sixth Circuit Court of Appeals has held that

---

[3]Defendants also assert that the Amended Complaint should be dismissed on grounds of qualified immunity and Plaintiff's failure to exhaust his administrative remedies. These arguments were raised only in Defendants' Reply. (ECF No. 22 at 2-7.) It is generally improper to consider an issue raised for the first time in a reply brief. *Phillips v. City of Cincinnati*, No. 1:18-CV-541, 2020 WL 4698800, at *32 (S.D. Ohio Aug. 13, 2020) (citing *Wright v. Holbrook*, 794 F.2d 1152, 1156 (6th Cir. 1986)) and the Court will not consider them here. *See also Taylor v. City of E. Cleveland,* No. 1:20 CV 02507, 2021 WL 229973, at *3 (N.D. Ohio Jan. 22, 2021) (declining to consider issue of qualified immunity raised for first time in reply brief); *Stillwagon v. City of Delaware*, 175 F. Supp. 3d 874, 890 (S.D. Ohio 2016) (to extent defendants were attempting to raise a qualified immunity defense, disregarding the defense as improperly asserted for the first time in a reply brief.); *Bennett v. Michigan Dep't of Corr*., No. 15-14465, 2017 WL 3208591, at *3 (E.D. Mich. July 24, 2017), *report and recommendation adopted sub nom. Bennett v. Michigan Deptment of Corr*., No. 15-CV-14465, 2017 WL 4230645 (E.D. Mich. Sept. 25, 2017), *on reconsideration sub nom. Bennett v. Michigan Dep't of Corr*., No. 15-CV-14465,

"'the Eleventh Amendment is a true jurisdictional bar,'" requiring Defendants' entitlement to sovereign immunity to "'be decided before the merits.'" *Doe v. DeWine*, 910 F.3d 842, 848 (6th Cir. 2018) (quoting *Russell v. Lundergan-Grimes,* 784 F.3d 1037, 1046 (6th Cir. 2015)). Accordingly, the Court will begin its analysis there.

### A. Eleventh Amendment Immunity

#### 1. State of Ohio/ODRC

Actions brought against the State or an "arm of the state" are subject to the doctrine of sovereign immunity under the Eleventh Amendment. *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005). "Eleventh Amendment immunity 'bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own citizens.'" *Canada v. Thumb Corr. Facility*, No. 20-10027, 2020 WL 1666443, at *2 (E.D. Mich. Apr. 3, 2020) (quoting *McCormick v. Miami Univ.*, 693 F.3d 654, 661 (6th Cir. 2012. The ODRC, as an arm of the State of Ohio, also is immune from suit in a federal court under the Eleventh Amendment. *Jones v. Swank*, No. 2:11-CV-797, 2012 WL 4107981, at *8 (S.D. Ohio Sept. 19, 2012) (citing *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100–01 (1984)).

This is so "unless the State consents to the suit or unless Congress, pursuant to a valid exercise of power, indisputably consents its intent to abrogate state immunity." *Smith v. DeWine*, 476 F. Supp. 3d 635, 650 (S.D. Ohio 2020) (citing *Bedford v. Kasich*, No. 2:11-cv-351, 2011 WL 1691823, at *7, 2011 U.S. Dist. LEXIS 51903, at *19 (S.D. Ohio May 4, 2011)). The State

---

2018 WL 1522360 (E.D. Mich. Mar. 28, 2018) (declining to consider specific exhaustion argument raised for first time in reply brief.)

of Ohio has not waived its Eleventh Amendment immunity in a § 1983 action. *Rolle v. Burnaugh*, No. 1:19-CV-821, 2020 WL 2571488, at *2 (S.D. Ohio May 21, 2020), *report and recommendation adopted,* No. 1:19CV821, 2020 WL 3036066 (S.D. Ohio June 5, 2020) (citing *Wolfel v. Morris*, 972 F.2d 712, 718 (6th Cir. 1992)). Further, Congress did not abrogate Ohio's immunity when it enacted 42 U.S.C. § 1983. *Id.* (citing *Quern v. Jordan*, 440 U.S. 332, 338, 345 (1979)). Accordingly, the Eleventh Amendment bars Plaintiff's § 1983 claims against the State of Ohio and/or the ODRC. *McAllister v. Kent State Univ.*, 454 F. Supp. 3d 709, 717 (N.D. Ohio 2020).

Likewise, Plaintiff's state law claim against Ohio and/or the ODRC asserting a violation of the Ohio Constitution is barred by the Eleventh Amendment. *Smith v. DeWine*, 476 F. Supp. 3d at 651 (citing *Ernst v. Rising*, 427 F.3d 351, 368 (6th Cir. 2005) (*en banc*) ("[T]he states' constitutional immunity from suit prohibits *all* state-law claims filed against a [s]tate in federal court, whether those claims are monetary or injunctive in nature.")). This is so absent an unequivocally express waiver. *Jackson-Forbes v. Indus. Comm'n*, No. 2:18-CV-1544, 2020 WL 433380, at *3 (S.D. Ohio Jan. 28, 2020). For state law claims, the State of Ohio has consented to suit only in the Ohio Court of Claims. Ohio Rev. Code § 2743. *Id.*; *see also Allen v. Ohio Dep't of Job & Family Servs.,* 697 F. Supp. 2d 854, 908 (S.D. Ohio 2010) ("The Sixth Circuit has repeatedly and consistently held that the State of Ohio has not consented to be sued for state law claims in federal court. Rather, Ohio has consented to be sued in only one forum—the Ohio Court of Claims.") ODRC also is entitled to sovereign immunity as to Plaintiff's state law claim because it is an arm of the State of Ohio. *Jackson-Forbes,* 2020 WL 433380, at *3 (citing *Longstreet v. State of Ohio, Indus. Com'n.*, No. 1:05CV1749, 2005 WL 3298883, at * 2 (N.D. Ohio Dec. 5, 2005)).

**2. Warden Shoop**

Any state law claim against Warden Shoop in either his individual or official capacity also is subject to dismissal. "The Supreme Court has squarely held that pendent state law claims against state officials in their official capacity are barred by the Eleventh Amendment. . . ." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 520–21 (6th Cir. 2007). "[F]ederal courts are simply not open to such state law challenges to official state action, absent explicit state waiver of the federal court immunity found in the Eleventh Amendment." *Id.*; *see also Smith v. DeWine*, 476 F.Supp.3d 635, 651-652 (S.D. Ohio 2020) (claim for violation of Ohio Constitution against state defendant in official capacity dismissed because *Ex Parte Young* does not apply when the alleged violation is one of state law). This is so regardless of the nature of the relief sought. *In re Ohio Execution Protocol Litig.*, 709 F. App'x 779, 787 (6th Cir. 2017) (Sutton J., concurring) ("If the plaintiff sues a state official under state law in federal court for actions taken within the scope of his authority, sovereign immunity bars the lawsuit regardless of whether the action seeks monetary or injunctive relief.").

As to Warden Shoop in his individual capacity, state employees are immune from civil liability under Ohio law for injuries caused in the performance of the employee's duties "unless the . . . employee's actions were manifestly outside the scope of his employment or official responsibilities, or unless . . . the . . . employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner." Ohio Rev. Code § 9.86. However, the Ohio Court of Claims that has the "exclusive, original jurisdiction to determine, initially, whether the . . . employee is entitled to personal immunity under section 9.86. . . ." Ohio Rev. Code § 2743.02(F). Federal courts, including this Court, therefore cannot exercise supplemental jurisdiction over state law claims against a state employee in his or her individual capacity until the Ohio Court of Claims

6

determines that the employee is not entitled to immunity under Ohio Revised Code § 9.86. *Haynes v. Marshall*, 887 F.2d 700, 704 (6th Cir. 1989). Accordingly, unless and until the Ohio Court of Claims decides that Warden Shoop, a state employee, may not invoke immunity from civil liability conferred by Ohio Revised Code § 9.86, this Court has no jurisdiction to consider any state law claims asserted against him. *McCormick v. Miami Univ.*, 693 F.3d 654, 664-655 (6th Cir. 2012); *see also Jackson-Forbes*, 2020 WL 433380, at *3 ("Because Plaintiff fails to allege that the Ohio Court of Claims has determined that Defendants are not entitled to immunity, this Court lacks jurisdiction to hear the state law claims against Defendants in their individual capacities.")

Accordingly, Defendants' Motion to Dismiss is **GRANTED** as to Plaintiff's claims against the State of Ohio and/or the ODRC and Plaintiff's state law claims against Warden Shoop on grounds of Eleventh Amendment immunity.

With respect to Plaintiff's claim against Warden Shoop under § 1983, however, the Eleventh Amendment does not preclude a claim against a state official acting in his or her official capacity where, as here, a plaintiff seeks only prospective injunctive or declaratory relief. *Ex Parte Young,* 209 U.S. 123 (1908); *see also Hertel v. Krueger*, No. 2:18-CV-179, 2018 WL 3912807, at *3 (S.D. Ohio Aug. 16, 2018) (the Eleventh Amendment does not automatically preclude a § 1983 claim against a state official acting in his or her official capacity if plaintiff seeks only prospective injunctive or declaratory relief.)[4] Accordingly, the Motion to Dismiss is **DENIED** to the extent it seeks dismissal of Plaintiff's § 1983 claim against Warden Shoop.

---

[4] Courts have recognized that "[j]ust as a plaintiff cannot sue a defendant in his official capacity for money damages, a plaintiff should not be able to sue a defendant in his individual capacity for an injunction in situations in which the injunction relates only to the official's job." *Pasha v. Payton*, No. CV 5:18-595-DCR, 2019 WL 6341638, at *2 (E.D. Ky. Nov. 27, 2019) (quoting *Cmty. Mental Health Servs. v. Mental Health & Recovery Bd. Serving Belmont, Harrison &*

B. **Personal Jurisdiction and Service**

Defendants, however, also have moved for dismissal under Rules 12(b)(2), (b)(4) and 12(b)(5). The Sixth Circuit has held that, "without proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *Thomas v. Wayne Cty. Comm. College Dist.*, No. 19-13499, 2020 WL 5878215, at *2 (E.D. Mich. Oct. 2, 2020) (quoting *Wells v. Rhodes*, 592 F. App'x 373, 377 (6th Cir. 2014)). That is, "'the requirement of proper service of process 'is not some mindless technicality.'" *Garth v. Hommrich*, No. 3:17-CV-00758, 2018 WL 4051864, at *2 (M.D. Tenn. Aug. 24, 2018), *report and recommendation adopted*, No. 3:17-CV-00758, 2018 WL 4599755 (M.D. Tenn. Sept. 25, 2018) (quoting *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991)). "It goes to the very heart of a court's authority." *Id.* Without personal jurisdiction having been properly established, a court cannot exercise its authority consistent with due process of law. *Id.* (citing *Friedman*, 929 F.2d at 1156). "'Whether a defendant had notice of the legal action, despite lack of personal service, is immaterial.'" *Pendleton v. Williams*, No. 3:12-cv-00376, 2013 WL 2546684 (M.D. Tenn. June 10, 2013) (*quoting Harris v. City of Cleveland*, 7 F. App'x 452, 456 (6th Cir. 2001)).

Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) address motions to dismiss for insufficient process and insufficient service of process. Fed. R. Civ. P. 12(b)(4), 12(b)(5). Generally, Rule 12(b)(4) concerns the form of the process and a Rule 12(b)(5) motion challenges either the mode or lack of delivery of the summons and complaint. *Taylor v. Zellen & Zellen,*

---

*Monroe Counties*, 150 F. App'x 389, 401 (6th Cir. 2005)); *see also Lee v. George*, No. 3:11-CV-00668, 2012 WL 1856497, at *1-2 (W.D. Ky. May 18, 2012). Here, based on the allegations of the Amended Complaint, the injunctive relief Plaintiff seeks appears to relate only to Warden Shoop's job.

8

*PLLC*, No. CIV. 14-12526, 2015 WL 470816, at *1–2 (E.D. Mich. Feb. 4, 2015) (citations omitted). Courts typically treat Rule 12(b)(4) and (5) as "more or less interchangeable." *Shelby v. PeopleReady*, No. 3:18-CV-00611, 2019 WL 2814668, at *1 (M.D. Tenn. June 4, 2019), *report and recommendation adopted,* No. 3:18-CV-00611, 2019 WL 2764070 (M.D. Tenn. July 2, 2019) (citing Moore's Federal Practice, § 12.33(1) (Matthew Bender 3d Ed.)).

Here, Defendants appear to be challenging the mode of service rather than the form of the process. They contend that Plaintiff failed to make service in compliance with the Ohio Rules of Civil Procedure or this Court's Local Civil Rules. (ECF No. 20 at 5-7.) In response, Plaintiff asserts that the summons was served following this Court's Clerk's Office procedures. (ECF No. 21 at 6.) According to Plaintiff, "[t]he summons was requested and issued and, as per the Clerk's Office served by the attorney for the Plaintiff. Both summonses were served and returned with signatures. Certainly Defendant Shoop, who was sued in both his official and personal capacities was served." (*Id.*)

A review of the Court's docket confirms that Plaintiff's counsel served Warden Shoop by certified mail. (ECF Nos. 18, 19.) Contrary to Plaintiff's stated understanding, the Court's Local Civil Rules do not provide for certified mail service by counsel. Rather, the Rules provide, in relevant part:

> **4.2 Service or Waiver of Process**
>
> A plaintiff should ordinarily attempt to obtain a waiver of service of process under Fed. R. Civ. P. 4(d) before attempting service of process. If a request for waiver is unsuccessful or is deemed inappropriate, the Court prefers parties to use the methods of service provided in Fed. R. Civ. P. 4 before using certified mail service under Ohio law. This Rule is confined to the domestic service of the summons and complaint in a civil action in this Court by certified mail or ordinary mail, pursuant to the law of Ohio, and is not intended to affect the procedure for other methods of service permitted by the Federal Rules of Civil Procedure or Ohio law. **If a party elects to use Ohio certified mail service, it must be done as follows:**

9

> (a) The attorney of record or the serving party shall address the envelope to the person to be served and shall place a copy of the summons and complaint or other document to be served in the envelope. The attorney of record or the serving party shall also affix to the back of the envelope the domestic return receipt card, PS Form 3811 (the "green card") showing the name of sender as "Clerk, United States District Court, Southern District of Ohio" at the appropriate address, with the certified mail number affixed to the front of the envelope and the case number shown in a conspicuous location on the return receipt card. The instructions to the delivering postal employee shall require the employee to show to whom delivered, date of delivery, and address where delivered. **The attorney of record or the serving party shall affix adequate postage to the envelope and deliver it to the Clerk who shall cause it to be mailed.**
>
> **(b) The Clerk shall enter the fact of mailing on the docket and make a similar entry when the return receipt is received. …**

S.D. Ohio Civ. R. 4.2.

Further, there is no indication in which capacity Warden Shoop was served. Plaintiff's response does not clarify this issue but suggests that service was made on Warden Shoop in his individual capacity pursuant to Federal Rule of Civil Procedure 4(e). A suit against a public official in their official capacity, however, is the equivalent of a suit against the state or government entity itself. *Libertarian Party of Ohio v. Wilhem*, 417 F. Supp. 3d 982, 984–85 (S.D. Ohio 2019) (citing *Will v. Michigan Dep't. of State Police*, 491 U.S. 58, 72 (1989); *Soper v. Hoben*, 195 F.3d 845, 853 (6th Cir. 1999)). Courts both within and outside this circuit have found that, for suits against authorities in their official capacities, service must be made pursuant to Federal Rule of Civil Procedure 4(j). *Id.* (citing cases).

Under the circumstances here, it appears that Plaintiff has not demonstrated that service was properly effected on Warden Shoop. Dismissal for lack of personal jurisdiction under Rule 12(b)(2), however, is not automatically required where service is ineffective. *Cheeks v. Belmar*, No. 4:18-CV-2091 CAS, 2019 WL 2568667, at *3 (E.D. Mo. June 21, 2019).

Federal Rules of Civil Procedure 4(m) governs the timing for service of process:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Under the plain language of Rule 4 (m), if a plaintiff has shown good cause for failure to serve in a timely manner, then "the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *see also Friedman*, 929 F.2d at 1156. However, if a "plaintiff has not shown good cause, 'the Court must either (1) dismiss the action without prejudice, or (2) direct that service be effected within a specified time.'" *Shelby v. PeopleReady*, 2019 WL 2814668, at *1 (quoting *Overbay v. Israel*, No. 2:16-CV-00337-TAV, 2017 WL 1377374, (E.D. Tenn. Mar. 24, 2017)); *see also Henderson v. United States*, 517 U.S. 654, 663 (1996) ("[C]ourts have been accorded discretion to enlarge the service of time period 'even if there is no good cause shown'"). In considering whether a case should go forward absent a showing of good cause, courts look to discretionary factors, including

> whether: (1) [a] significant extension of time was required; (2) [a]n extension of time would prejudice the defendant other than the inherent 'prejudice' in having to defend the suit; (3) [t]he defendant had actual notice of the lawsuit; (4) [a] dismissal without prejudice would substantially prejudice the plaintiff; *i.e.*, would his lawsuit be time-barred; and (5) [t]he plaintiff had made any good faith efforts at effecting proper service of process.

*Garth,* 2018 WL 4051864, at *3 (citations omitted).

Here, taking into account the above-noted factors, the Court declines to dismiss the Amended Complaint and will allow Plaintiff the chance to correct the failure to effect proper service on Warden Shoop. Accordingly, the Motion to Dismiss for insufficiency of process and insufficiency of service of process under Rules 12(b)(4) and 12(b)(5) is **GRANTED** to the extent

11

the Court orders the putative service of process on Warden Shoop **QUASHED.** Plaintiff must effect proper service on Warden Shoop within **30 DAYS** of the date of this Opinion and Order.

Until Warden Shoop is properly served with the summons and complaint, this Court lacks personal jurisdiction over him and, therefore, cannot address the merits of the Motion to Dismiss as they relate to lack of personal jurisdiction under Rule 12(b)(2) or failure to state a claim upon which relief can be granted under Rule 12(b)(6). Accordingly, Defendants' Motion to Dismiss to the extent that it asserts lack of personal jurisdiction under Rule 12(b)(2) or the failure to state a claim upon which relief can be granted is **DENIED** without prejudice to refiling upon service on Warden Shoop.

Further, if Plaintiff fails to serve Warden Shoop and file proof of such service within **30 DAYS** of the date of this Opinion and Order in accordance with this Order, the Court will dismiss Plaintiff's claims against him without prejudice pursuant to Rule 4(m).

## IV.

For the reasons set forth above, Defendants' Motion to Dismiss (ECF No. 20) is **GRANTED, in part and DENIED, in part as set forth above.** The Motion to Dismiss as to Plaintiff's claims against the State of Ohio and the ODRC, and Plaintiff's state law claims against Warden Shoop is **GRANTED** and these claims are **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction based on Eleventh Amendment immunity. The Motion to Dismiss is **DENIED** to the extent Defendants assert that Eleventh Amendment immunity extends to Warden Shoop on Plaintiff's claims for injunctive or declaratory relief. The Motion to Dismiss for insufficiency of process and insufficiency of service of process under Rules 12(b)(4) and 12(b)(5) is **GRANTED** to the extent that the Court orders the putative service of process on Warden Shoop **QUASHED.**

Until Warden Shoop is properly served with the summons and complaint, this Court lacks personal jurisdiction over him and, therefore, cannot address the merits of the Motion to Dismiss on the basis of lack of personal jurisdiction under Rule 12(b)(2) or for failure to state a claim upon which relief can be granted under Rule 12(b)(6). Defendants' Motion to Dismiss, to the extent that it asserts lack of personal jurisdiction under Rule 12(b)(2) or the failure to state a claim upon which relief can be granted, is **DENIED without prejudice** to refiling upon service on Warden Shoop.

If plaintiff fails to serve Warden Shoop and file proof of such service within **30 DAYS** of this Opinion and Order in accordance with this Order, the Court will dismiss Plaintiff's claims against him without prejudice pursuant to Rule 4(m).

**IT IS SO ORDERED.**

| | |
|---|---|
| | */s/ Elizabeth A. Preston Deavers* |
| **DATED: February 11, 2021** | **ELIZABETH A. PRESTON DEAVERS**<br>**UNITED STATES MAGISTRATE JUDGE** |